UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

EDWARD G. KRAIMER, Jr.,
GERALD J. MORRELL, GRAND DADDY'S, LLC,
and
KRAIMER PROPERTIES, LLC,

        Plaintiffs,

        v.                                Case No. 03 C 0473 C

CITY OF SCHOFIELD,

        Defendant.

---

**PLAINTIFFS' PROPOSED CONCLUSIONS OF LAW
IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

---

        The Plaintiffs, by their attorneys, the Jeff Scott Olson Law firm, by Jeff Scott Olson, hereby propose that the Court adopt the following conclusions of law:

1. The City's now-repealed public entertainment licensing ordinance, § 11.22, was unconstitutional.

2. The Plaintiffs are entitled to recover damages for their injuries sustained during the existence of this ordinance.

3. The City's Indoor Theatre zoning scheme in the C-1 zoning district is unconstitutional because it identifies a land use by reference to the exercise of protected rights of free expression and then makes it subject to a permitting scheme that creates the opportunity for covert censorship through vague and subjective standards for granting and denying permits and through the potential for indefinite delay in a permitting decision.

4. The Court should enjoin the City from enforcing its Indoor Theatre zoning scheme against the Plaintiffs in the C-1 zoning district.

5. The Plaintiffs are entitled to recover damages for their injuries sustained as a result of this scheme.

6. The City's adult entertainment ordinance, § 16.03, was, and, if it was not repealed, remains, void for overbreadth.

7. The Court should hold that the ordinance was repealed, but, if it does not, the Court should enjoin its enforcement.

8. The Court should hold that the plaintiffs are entitled to damages for their injuries sustained by virtue of the effect of this ordinance upon them.

9. The Court need not reach the question of the constitutionality of the City's new adult entertainment zoning ordinance, § 10.15 (6)(b)(36) and §10.15(6)(g), because but for the effect upon the Plaintiffs of the foregoing unlawful ordinances, the Plaintiffs would

have been lawfully operating a burlesque club with liquor sales offering nude and semi-nude dance at the time the new zoning ordinance was passed, and, as a nonconforming use, would have been unaffected by the new zoning ordinance.

10. Based on this holding the Court should enjoin the City from enforcing the new zoning ordinance against the Plaintiffs.

11. If the Court should reach the issue of the constitutionality of the new zoning ordinance, it should hold that it is unconstitutional, enjoin its enforcement against the Plaintiffs, and hold that the Plaintiffs are entitled to any damages sustained by virtue of its effects on them.

Dated this 30th day of July, 2004

Respectfully submitted,

EDWARD G. KRAIMER, Jr.,
GERALD J. MORRELL,
GRAND DADDY'S LLC, and
KRAIMER PROPERTIES, LLC,
Plaintiffs

By

THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar No. 1016284
131 W. Wilson St., Suite 1200
Madison, WI 53703
Phone:      (608) 283-6001
Facsimile:  (608) 283-0945

E-mail: jsolson@scofflaw.com

_____
Jeff Scott Olson
ATTORNEYS FOR PLAINTIFF