Document Number 0271
Case Number 03-C-0473-C
United States District Court
Western District of Wisconsin
Theresa M. Owens
Filed/Received
07/30/2004 08:45:59 AM CDT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

EDWARD G. KRAIMER, Jr. and
GERALD J. MORRELL, and
KRAIMER PROPERTIES, LLC,

      Plaintiffs,

      v.                                     Case No. 03-C-0473-C

CITY OF SCHOFIELD,

      Defendant.

---

**DECLARATION OF EDWARD G. KRAIMER, Jr. IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

---

STATE OF WISCONSIN    )
                                 ) ss
MARATHON COUNTY      )

      I, Edward G. Kraimer, Jr., under penalty of perjury pursuant to 28 U.S.C. § 1746, do declare as follows:

      1. My name is Edward G. Kraimer, Jr. I am one of the plaintiffs in this case.

      2. Through Kraimer Properties, LLC, I own and, with plaintiff Gerald J. Morrell dba Grand Daddy's LLC, I operate, the tavern called Grand Daddy's located at 861 Grand Avenue, in Schofield, Wisconsin.

      3. Since April, 2003, Jerry and I have been trying to offer nude dance

entertainment at 861 Grand Avenue, with no success.

4. If it had not been for the various Schofield laws, Jerry and I would have been offering nude dance entertainment for over a year now.

5. Specifically, if there had been no public entertainment licensing ordinance and no conditional use permit, we would have begun presenting nude dance in April, 2003.

6. Alternatively, if our application for public entertainment license and conditional use permit been granted instead of denied, we would have begun presenting nude dance in June, 2003.

7. I know that Jerry was originally interested in opening as a non-alcoholic place of entertainment, but that was to be a starting point only. I would have preferred to both serve alcohol and present nude dance entertainment. There was no point in discussing the relative merits of these options back in April 2003, however, since at that time the adult entertainment ordinance did not allow us to do both, and of the two options, we both agreed that nude dance was the most important to start with.

8. After our applications for public entertainment license and conditional use permit were denied, Gerry and I decided to open as a sports bar, to make some use of the tavern while hoping that these laws would quickly be found unconstitutional so that we could then offer nude dance.

9. Because our applications had been denied, we initially did not offer any dance entertainment.

10. We kept away from dance entertainment entirely until our lawyer told us in November, 2003, that the city had agreed not to enforce the Public Entertainment ordinance, § 11.22 (and not long after that, §11.22 was repealed).

11.  By then, there was that new zoning law that got passed in July, 2003, so we still could not have nude dancing, as we would have preferred, but we did start presenting bikini dancing.

12. On December 1, 2003, on the advice of our counsel that as a result of an agreement with the city, it would now be permissible to do so, we began to offer erotic dance entertainment with scantily-clad dancers performing.

13. This is not our ultimate goal for expression – we would like to present a more erotic dance entertainment which would involve the dancers being completely nude or completely topless with a G-string.

14. We intend to present a more erotic dance entertainment for our patrons when we can do so without the fear of prosecution and/or loss of our liquor license as the result of the presentation of such expression under the current Schofield regulatory scheme for adult entertainment.

15.  We did not present any dance entertainment until an agreement was reached with the city that it would not enforce § 11.22 out of fear of incurring prosecution and penalties under §11.22.

16.  We also did not present nude dance entertainment because of fear of incurring prosecution and penalties under the "old" zoning code, the new zoning code provision, and §16.03.

17. Because of the inability to present any dance entertainment until December 1, 2003, we suffered the loss of our freedom of expression and also the loss of significant profits.

18. Because of the inability to present nude dance entertainment, even after December 1, 2003, due to the new zoning provision, we suffered the loss of our freedom of expression and also the loss of significant profits.

19. Because of the inability to both present nude dance entertainment and also to sell alcoholic beverages, due to the Adult Entertainment Ordinance, §16.03, we suffered the loss of our freedom of expression and also the loss of significant profits.

20. To be crystal clear, if we could do so without violating any law, it is our preference to present nude dance entertainment and to sell alcohol by the drink to our customers at Grand Daddy's.

## CERTIFICATION

I, Edward G. Kraimer, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct.

I have executed this Declaration on  July 28, 2004 .
(date)


_____
Edward G. Kraimer