Document Number Case Number
03-C-0473-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
07/30/2004 08:45:28 AM CDT

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

EDWARD G. KRAIMER, Jr.,
GERALD J. MORRELL, GRAND DADDY'S, LLC,
and
KRAIMER PROPERTIES, LLC,

        Plaintiffs,

    v.                    Case No. 03 C 0473 C

CITY OF SCHOFIELD,

        Defendant.

---

### DECLARATION OF JEFF SCOTT OLSON
### IN SUPPORT OF PLAINTIFF'S MOTION
### FOR SUMMARY JUDGMENT

---

I, Jeff Scott Olson, Jr., under penalty of perjury pursuant to 28 U.S.C. § 1746, do declare as follows:

1. My name is Jeff Scott Olson, Jr. I am counsel for the plaintiffs in this case.

2. Attached hereto, denominated Appendix 1, and made a part hereof by reference is a copy of City Of Schofield Ordinance No. 11.20 Re: Public Entertainment/Exhibition and Tavern Entertainment/Exhibition, which has now been repealed.

3.      Attached hereto, denominated Appendix 2, and made a part hereof by reference is a copy of City Of Schofield Ordinance No. 16.03 Re: Adult Entertainment In Commercial Establishments Where Alcoholic Beverages Are Sold, Dispensed And/Or Consumed On The Premises.

4.      Attached hereto, denominated Appendix 3, and made a part hereof by reference is a copy of City of Schofield Ordinance No. 10.15(6) - 1A (03) Re: Adult-Oriented Establishments (the "new" Zoning Ordinance, adopted July 24, 2003).

## CERTIFICATION

I, Jeff Scott Olson, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct.

I have executed this Declaration on _____7/29/2004 .
                                                                    (date)


_____
Jeff Scott Olson

**APPENDIX**

**Appendix 1**

**CITY OF SCHOFIELD ORDINANCE NO. 11.20**

**RE: Public Entertainment/Exhibition and
Tavern Entertainment/Exhibition**

**CITY OF SCHOFIELD**

**ORDINANCE NO. 11.20**

**RE: Public Entertainment/Exhibition and**
**Tavern Entertainment/Exhibition**

The City Council of the City of Schofield, Marathon County, Wisconsin, do ordain as follows:

<u>Section 1</u>: Section 11.20 of the Schofield Code of Ordinances is hereby created to provide as follows:

<u>11.22 PUBLIC ENTERTAINMENT/EXHIBITION AND TAVERN ENTERTAINMENT/EXHIBITION LICENSE</u>

    (a)    Public Entertainment/Exhibition License - Nonliquor Licensed Establishment.

(1) License is required. No person shall exhibit to public view for gain within the corporate limits of the City any circus, caravan theatrical performance, slight of hand performance, or offer any other kind of entertainment or exhibition where admission is gained by the payment of money or any other thing, without first having been licensed therefor as provided in this ordinance.

(2) Lists of Performers. Every person who affords his patrons entertainment by, or performance of, any act, stunt, music, song, or dance by performers under his auspices, whether such performances are paid or not, shall maintain a current list of all performers who perform in his premises. Such list shall contain name (both legal and trade name), current address, date of birth and type of performance of each performer, and shall be provided to any police officer upon request.

    (b)    Tavern Entertainment/Exhibition License- Liquor Licensed Establishments.

(1) License is required. No person licensed to sell alcoholic beverages shall give, permit, produce, present, conduct or offer entertainment or exhibitions consisting of music, dancing, singing, floor shows and/or cabaret performances upon a licensed tavern premises, unless licensed to do so under this section. This section applies to an premises to which a person may gain admission with or without payment of a feel. This

license shall be construed to permit entertainment, exhibitions, instrumental music, prerecorded music, and patron dancing thereto upon the licensed premises. This section is promulgated pursuant to Section 125.10(1), Wisconsin Statutes.

(2) Every person holding a tavern entertainment/exhibition license who affords his patrons entertainment by, or performance of, any act, stunt, music, song or dance by performers under his auspices, whether such performances are paid or not, shall maintain a current list of all performers who perform in his premises. Such list shall contain name (both legal and trade name), current address, date of birth and type of performance of each performer, and shall be provided to any police officer upon request.

(c)    Licensing.

1. Application. The application for such licenses shall• be written upon a form prescribed by and filed with the City Clerk. Such application shall designate:

(aa) The name and address of the specific premises intended to be licensed;

(bb) Whether the applicant has, within two (2) years prior to the date of this application, been licensed to conduct a public exhibition or to sell alcoholic beverages, if any such license was suspended or revoked and a statement of the reasons therefor;

(cc) The location where the applicant conducted such licensed premises, if any;

(dd) The name, date of birth, permanent address and telephone number or temporary address, if any, of the person or persons, association or company, owning the premises for which a license permit is requested;

(ee) Any corporation submitting an application under this chapter shall provide the name of the president, vice president, secretary, treasurer and registered agent, along with their home address, telephone number, and date of birth, on the application;

(ff) In order for the City Council to determine whether or not the applicant's proposed operations are basically compatible with the normal activity of the neighborhood in which the licensed premises is to be located, the type and general nature of the entertainment,

exhibitions, music, dancing, singing, floor show, or other performances to be held on the premises;

(gg) If the applicant, or in the event the applicant is not an individual person, if any member, managing officer or agent of the applicant has been convicted in a court of competent jurisdiction of any offense involving dishonesty or moral turpitude or has been convicted of any violation of law relating-to the public health and safety.

(2)     Fee and Term

(aa) Required. The fee for such license shall be $100 per screen and/or permanent or temporary stage, per license year, or fraction thereof, and shall not be prorated. The license year shall be July 1st to June 30th.

(bb) Refund. In the event such license is denied, one-half of such fee shall be refunded to the applicant, the City retaining the remainder of the fee as reimbursement for the cost of investigation of the application.

(cc) Referral of Application.

(1)     Whenever any applicant for a license as provided in this section has complied with the conditions and regulations herein contained relative to the filing of his application, it shall be the duty of the City Clerk to forward said application to the City Council.

(2)     It shall be the duty of the Building Inspector, the Police Department and the Fire Department to investigate each original application for all licenses required to be applied for under this chapter. These departments shall furnish to the City Clerk the information derived from such investigations, and their respective recommendations as to whether a license should be granted or refused.

(dd) Issuance. After receiving and giving consideration to said report of the Chief of Police, the Building Inspector, and the Fire Chief, the City Clerk shall report their findings and recommendations for the issuance or denial of the original license to the City Council. No such original license shall be issued by the City Clerk until favorable action upon the application therefor is

first had by the City Council. The City Council shall approve a license whenever it shall find the following facts to exist:

(1)   All of the statements in the application are true;

(2)   The applicant is of good moral character and reputation, or if the applicant is not an individual, that every member, managing officer or agent of the applicant is of good moral character and reputation;

(3)   The premises for which a license is sough will comply with the provisions of this section and all other applicable rules, regulations, ordinances and state laws, specifically including, but limited to, zoning regulations, building code requirements and fire prevention code;

(4)   The proposed entertainment will comply with all applicable rules, regulations, ordinances and state laws, specifically including, but not limited to, noise limitations and performance standards;

(5)   If the applicant is a corporation, that it is licensed to do business and is in good standing with the State of Wisconsin;

(6)   The applicant is otherwise entitled to a license under the provisions of this section.

Upon approval of the application by the City Council, a license shall be issued to the applicant by the City Clerk. Any license issued under this section shall be nonassignable and nontransferable, except as provided in subsection (ff) of this section. If a license is denied by the City Council, the applicant may obtain judicial review of the determination as provided in Section 68.13, Wisconsin Statutes.

(ee) Change in Entertainment. If, after the license has been granted or issued, the licensee wishes to substantially deviate from the type of entertainment that was listed on the original application, the licensee must file a sworn, written request with the City Clerk which states the change in the type of entertainment. No changes in entertainment shall take place until the request has been approved by the City Council. The City Council's approval may be given only if it determines the new type of entertainment is basically compatible with the normal activity of the neighborhood in which the licensed premises is located and the new entertainment is compatible with the proposed premises. The mater must be approved or denied within sixty (60) days of the ~ filing of the request for change in entertainment with the Clerk's office.

(ff) Transferability and Lapse.

(1) Every license issued under this section shall be issued for a period of one (1) year or part thereof, effective from the date the license is granted, and shall expire on the same date as the Class B retain intoxicating liquor or fermented malt beverage retail establishment license. The fee for each such license shall be payable for the entire year.

(2) Every license issued under this section may be transferred from one (1) premises to another within the City of Schofield only upon the approval of the City Council and the payment of a $10.00 transfer fee. No license shall be entitled to more than one (1) transfer in any one (1) license year. The new premises must comply in all respects with all provisions of this section as if a new application were being made.

(3) Any license issued pursuant to this section shall lapse and become void whenever the licensee shall not renew or shall have revoked his retail Class "B" fermented malt beverage or intoxicating liquor license. If any such retail Class "B" license shall be deemed suspended the license issued under this section shall be deemed suspended for a like period, without further action by the City Council.

(gg) Display of License. Any license issued under this section shall be posted in a prominent place upon the licensed premises.

(hh) Renewal.

(1) Application. Applications for renewals of licenses shall be reviewed by the Chief of Police, Building Inspector and Fire Chief. The applicant and premises must comply in all respects with all provisions of this chapter as if a new application were being made. If all requirements are met, the license shall be renewed.

(2)     Denial. Should nonrenewal be recommended, the City Council shall promptly conduct a nonrenewal hearing prior to making any recommendation with respect to the license at issue. The licensee shall receive at least seven ('1) working days notice of the specific charges upon which a hearing will be conducted by the City Council. The licensee shall have an

opportunity to appear at the hearing and be represented by counsel and to cross-examine witnesses against the renewal of the license and present evidence in favor of renewal of the license. At the conclusion of the hearing, the City Council shall make a recommendation. Grounds for nonrenewal shall be: Disorderly conduct on or around the premises; noise or music which disturbs the neighbors of the licensed premises; violation of occupancy limitations; and the violation of any ordinance, law or other good cause reasonably related to the protection of health, safety and welfare of the neighborhood in which the licensed premises is operated. The City Council must promptly either renew or deny the license. Judicial review of the City Council's decision shall be as provided in Section. 68.13, Wisconsin Statutes.

(ii) Revocation or Suspension. All licenses issued under this section may be suspended or revoked by the City Council for disorderly conduct within the licensed premises or on the adjacent property, or for any violation by the licensee, his agents or employees, of any provision of this section, or any ordinance or law relating to the use or occupation of the licensed premises and for the falsifying of information or the failure to disclose information on the application. If at anytime any license issued under this section is revoked, at twelve (12) months shall elapse before another such license shall be issued to the same person for the same premises. Any revocation or suspension may be in addition to any forfeiture imposed under this section.

(4)     License Regulation.

(a) Hours for Exhibitions and Music. On any premises licensed under this section, no music, dancing or entertainment of any nature shall be permitted after two a.m. (2:00 AM), except on Saturdays sundays when entertainment is permitted until two-thirty a.m. (2:30 AM) and before nine am. (9:00 AM) Monday-Saturday and ten-thirty a.m. (10:30 AM) on Sundays.

(5) Penalty

Any person, firm, or corporation who shall violate any of the provisions of this ordinance, shall, upon conviction thereof, forfeit no less than $250, nor more than $1,500, together with the costs of prosecution, and in default of payment of such forfeiture and costs, may be imprisoned in the County Jail until payment of such forfeiture and costs of prosecution, but not exceeding sixty (60) days for each violation. Each time a motion

picture, show, or other presentation is exhibited in violation of this ordinance it shall be considered a separate offense.

Section 2: Conflicting Ordinances

All ordinances or parts of ordinances in conflict with the above Ordinance are hereby repealed.

Section 3: This ordinance shall be in full force and effect upon passage and publication.

# Appendix 2

---

**CITY OF SCHOFIELD ORDINANCE NO. 16.03**

# ADULT ENTERTAINMENT IN COMMERCIAL ESTABLISHMENTS WHERE ALCOHOLIC BEVERAGES ARE SOLD, DISPENSED AND/OR CONSUMED ON THE PREMISES

# 16.03      ADULT ENTERTAINMENT IN COMMERCIAL ESTABLISHMENTS WHERE ALCOHOLIC BEVERAGES ARE SOLD, DISPENSED AND/OR CONSUMED ON THE PREMISES

(1)      SHORT TITLE. This ordinance shall be known as the Adult Entertainment ordinance of the City of Schofield, Marathon County, Wisconsin.

(2)   LEGISLATIVE AUTHORIZATION. This ordinance is enacted in the interest of the public health, peace, safety, morals and general welfare of the citizens and inhabitants of the City of Schofield, pursuant to the Wisconsin Constitution and laws of the State of Wisconsin and the authority of the City County exercising its right to regulate the sale and consumption of alcoholic beverages, pursuant to Chapter 125 of the Wisconsin Statutes.

(3)      LEGISLATIVE FINDINGS. Whereas, evidence has been propounded that indicates that nudity and sexual conduct and depiction thereof coupled with alcohol in public places begets undesirable behavior, and that prostitution, attempted rape, rape, murder and assaults on police officers have occurred in and around establishments dealing in alcoholic beverages where nude and sexual conduct and depiction thereof is permitted.

(4)      PURPOSE. It is hereby found that the acts prohibited in subsection (6) encourage the conduct of prostitution, attempted rape, rape, murder and assaults on police officers in and around establishments dealing in alcoholic beverages, that actual and simulated nudity and sexual conduct and the depiction thereof, coupled with alcohol in public places begets undesirable behavior, that sexual, lewd, lascivious and salacious conduct among patrons and employees with establishments dealing in alcohol beverages results in violation of law and dangers to the health, safety and welfare of the public, and it is the intent of this ordinance to prohibit nudity, gross sexuality, and the simulation and depiction thereof in establishments dealing in alcoholic beverages.

(5)      DEFINITIONS. The following definitions shall apply in this ordinance.

(a)      "Alcoholic Beverages". All beverages containing more than one percent of alcohol by volume.

(b)      "Establishment Dealing in Alcoholic Beverages". Any business or commercial establishment (whether open to the public at large or where entrance is limited by cover charge or membership requirement) including those licensed by the state for sale and/or service of alcoholic beverages, and any bottle club; hotel; motel; restaurant; night club; country club; cabaret; meeting facility utilized by any religious, social, fraternal or similar organization; business or commercial establishment where a product or article is sold, dispensed, served or provided with the knowledge, actual or implied, that the same will be or is intended

to be mixed, combined with or drunk in connection or combination with an alcoholic beverage on the premises of said business or commercial establishment; or business or commercial establishment where the consumption of alcoholic beverages is permitted. A private residence, whether permanent or temporary in nature, is not an establishment dealing in alcoholic beverages.

(6)   PROHIBITED ACTS.

(a)   No person shall expose to public view his or her genitals, pubic area, vulva, anus, anal cleft or cleavage or buttocks or any simulation thereof in an establishment dealing in alcoholic beverages.

(b)   No female person shall expose to public view any portion of her breast below the top of the areola or any simulation thereof in the establishment dealing in alcoholic beverages.

(c)   No person maintaining, owning, or operating an establishment dealing in alcoholic beverages shall suffer or permit any person to expose to public view his or her genitals, pubic area, vulva, anus, anal cleft or cleavage or buttocks or simulation thereof within the establishment dealing in alcoholic beverages.

(d)   No person maintaining, owning, or operating an establishment dealing in alcoholic beverages shall suffer or permit any female person to expose to public view any portion of her breasts below the top of the areola or any simulation thereof within the establishment dealing in alcoholic beverages.

(e)   No person shall engage in and no person maintaining, owning, or operating an establishment dealing in alcoholic beverages shall suffer or permit any sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation, any sexual act which is prohibited by law, touching, caressing, fondling of the breasts, buttocks, anus or genitals or the simulation thereof within an establishment dealing in alcoholic beverages.

(f)   No person shall cause and no person maintaining, owning or operating an establishment dealing in alcoholic beverages shall suffer or permit the exposition of any graphic representation, including pictures or the projection of film, which depicts human genitals, pubic area, vulva, anus, anal cleft or cleavage, buttocks, female breasts below the top of the areola, sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation, any sexual act prohibited by law, touching, caressing or fondling of the breasts, buttocks, anus, or genitals, or- any simulation thereof within any establishment dealing in alcoholic beverages.

(7)   PENALTIES.

(a)   Upon written charges made and filed with the City Clerk of the City of Schofield by the Chief of Police or by any resident of the City that any person has violated any of the provisions of this ordinance, the City may revoke, suspend or refuse to renew any

license or permit allowing the sale of alcohol beverages to the premises upon which the violation takes place. The procedures of Section 125.12(2), Wis. Stats., shall be followed before any such license may be revoked or suspended.

(b)      In addition to the penalties provided in Sub. (a) hereinabove, any person violating this ordinance shall upon conviction thereof pay a forfeiture of not less than $100, nor more than $300, together with the costs of prosecution, and in default of payment thereof shall be imprisoned in the County Jail for a period of 30 days. Each day during which a violation shall continue shall constitute a new and separate offense.

# Appendix 3

**CITY OF SCHOFIELD ORDINANCE NO. 10.15(6) - 1A (03)**

**RE: ADULT-ORIENTED ESTABLISHMENTS**

**(enacted July, 2003)**

CITY OF SCHOFIELD

ORDINANCE NO. 10.15(6) - 1A (03)

RE: ADULT-ORIENTED ESTABLISHMENTS

The City Council of the City of Schofield, Marathon County, Wisconsin, do ordain as follows:

Section 1: Section l0.l5(6)(1)(b)(36) of the Schofield Code of Ordinances is hereby created to provide as follows:

*(b)     The following uses are permitted in the I-1 District:*

*(36)*        Adult-Oriented Establishments as defined in Section 10.15(6)(g) and established in accordance with the provisions of said subsection.

Section 2: Section 10.15(6)(g) is hereby created to provide as follows:

1. Findings. The City Planning Commission, the Everest Metro Police Department and City Staff and Consultants have reviewed a variety of issues and concerns related to the off-site, secondary effects of adult-oriented establishments. In this process land use study information for adult-oriented establishments prepared for the cities of Phoenix, Arizona; Garden Grove, California; Los Angeles, California; Indianapolis. Indiana; Oklahoma City, Oklahoma; Austin, Texas; Newport News, Virginia; and Seattle, Washington, and the studies and experiences of the City of Wausau, and the Town of Rib Mountain have been reviewed. Based on these, it has been the experience of many of these cities, that adult-oriented establishments can:

   a.   Contribute to the impairment of the character and quality of the neighborhood which surrounds these establishments:

   b.   Contribute to a decline in the value of real estate property in the neighborhood surrounding these establishments; and

   c.   Lead to an increase in many types of criminal activities in neighborhoods where adult-oriented establishments

are located.

The objectionable secondary effects of adult-oriented establishments are exacerbated when these types of commercial uses are operated in close proximity to one another.

The City Council desires to minimize and control these adverse secondary effects and thereby:

      a.      Protect, health, safety and welfare of the citizens of Schofield;

      b.      Protect the citizens from increased crime:

      c.      Preserve the quality of life;

      d.      Preserve the property values and character of surrounding neighborhoods and businesses; and,

      e.      Deter the spread of urban blight.

It is the purpose and intent of this subsection of the zoning code to regulate adult-oriented establishments so as to protect and promote the health, safety, and general welfare of the citizens of Schofield and visitors thereto and to establish reasonable and uniform regulations to prevent to concentration of adult-oriented establishments within the community. The ordinance is also intended to deter property uses and activities conducted thereon which, directly or indirectly, cause or would cause adverse effects on the stability of the immediate neighborhood surrounding the adult-oriented establishment.

This ordinance intends to balance the rights of citizens in the City to maintain a decent moral society and, on the other hand, the right of individuals to express themselves freely in accordance with the guidelines of the Constitution of the United States, and the U.S. Supreme Court rulings pursuant thereto. This ordinance has neither the purpose nor effect of imposing limitation or restriction on the content of any communicative materials, including adult-oriented materials. Neither is it the purpose or intent of this ordinance to restrict or deny lawful access by adults to sexually oriented materials nor to deny access by the distributors and exhibitors of sexually oriented materials to their intended markets. The purpose or intent of this ordinance is not to impose judgment on the content or merits of any constitutionally

protective form of speech or expression.

Moreover, this ordinance serves a substantial government interest and does not unreasonably limit alternative avenues of communication.

      2.    <u>Adult-Oriented Establishments</u>.    "Adult-Oriented Establishments" shall include, but is not limited to, "adult bookstores, adult novelty stores, adult video stores," "adult motion picture theaters", and "adult cabarets." It further means any premises to which public patrons or members of a private organization are invited or admitted and which are physically arranged so as to provide booths, cubicles, rooms, compartments or stalls separate from the common areas of the premises for the purpose of viewing adult entertainment or wherein an entertainer provides adult entertainment to a member of the public, a patron or a member of a private organization, whether or not such adult entertainment is held, conducted, operated or maintained for a profit, direct or indirect.

A.    "Adult bookstore, adult novelty store or adult video store" means:

    (i)  A commercial establishment which, as one of its principal purposes, offers for sale or rental for any form of consideration any one or more of the following:

        (a) Books, magazines, periodicals or other printed matter, or photographs, films, motion pictures, video cassettes or video reproductions, slides or other visual representations which are characterized by the depiction or description of "specified sexual activities" and/or "specified anatomical areas", or

        (b) Instruments, devices or paraphernalia which are designed for use or marketed primarily for stimulation of human genital organs or for sadomasochistic use or abuse of themselves or others.

    (ii) A commercial establishment may have other principal business purposes that do not involve the offering for sale or rental of material depicting or describing "specified sexual activities" or "specified anatomical areas" and still be categorized as "adult bookstore, adult novelty store or adult video store." Such other business purposes will not serve to

exempt such commercial establishments from being categorized as an adult bookstore, adult novelty store or adult video store so long as one of its principal business purposes is the offering for sale or rental for consideration the specified materials which are characterized by the depiction or description of "specified sexual activities" and/or "specified anatomical areas.

(iii) Notwithstanding the foregoing, a commercial establishment which offers for sale or rental any of the items listed in subsection (A) of this section will not be considered to have as one of its principal business purposes the offering for sale or rental for consideration the specified materials which are characterized by the depiction or description of "specified sexual activities" or "specified anatomical areas" provided all of the following conditions are met:

(a) Total gross revenues from the sale or rental of any of the items listed in subsection (A) do not exceed fifty percent of the commercial establishment's gross revenue;

(b) Total gross square footage of display space and stock area devoted to the sale or rental of any of the items listed in subsection (A) does not Exceed fifty percent of the commercial establishment's total square footage;

(c) No electronically, electrically, or mechanically controlled still or motion picture machines, projectors, video or laser disc players, or other image-producing devices are maintained on the premises of the commercial establishment to show images of items listed in subsection (A) to any customers or potential customers of the commercial establishment.

B    "Adult motion picture theater" means a commercial establishment which regularly features non-live performances or entertainment such as films, motion pictures, video cassettes, slides, or similar photographic reproductions which are distinguished or characterized by an emphasis on matters exhibiting, depicting, describing or relating to "specified sexual activities: and/or "specified anatomical areas," as defined below, for observation by patrons therein.

C       "Adult cabaret" means a nightclub, bar, restaurant or similar
        commercial establishment which regularly features:

       (i)      Persons who appear in a state of nudity or semi-
                nudity; or

       (ii)     Live performances which are characterized by the
                exposure of "specified anatomical areas" or by
                "specified sexual activities", or

       (iii)    Films, motion pictures, video cassettes, slides or other
                photographic reproductions which are characterized by the
                depiction or description of "specified sexual activities or
                "specified anatomical areas.

D.      "Adult entertainment" means any exhibition of motion pictures,
        live performance, display or dance of any type, which has as its
        dominant theme, or is distinguished or characterized by an
        emphasis on, any actual or simulated "specified sexual activities",
        or "specified anatomical areas", as defined below, or the removal of
        articles of clothing to appear totally nude or to display a nude
        genital area or female nude breast or breasts.

E.      "Specified sexual activities" means simulated or actual:

       (i)      Showing of human genitals in a state of sexual
                stimulation                or arousal; or

       (ii)     Acts of masturbation, sexual intercourse, sodomy,
                bestiality,               necrophilia, sadomasochistic abuse,
                fellatio or cunnilingus;              or

       (iii)    Fondling or erotic touching of human genitals, pubic
                region,       buttocks or female breasts.

F.      "Specified anatomical areas" means:

       (i)      Human genitals, pubic region, buttocks, anus or the
                areola of a female breast or breasts less than
                completely and opaquely covered by clothing; or

       (ii)     Human male genitals in a discernibly turgid state,
                even if                opaquely covered by clothing.

G.    An "adult-oriented establishment" must meet the following criteria:

    (i)    Any customer entrance to the business shall not be located within 500 feet, as measured in a straight line, of a residence zoning district boundary located within the City of Schofield or within 500 feet of the city limits; and

    (ii)    Any customer entrance to the business shall not be located within 1,000 feet, as measured in a straight line, of any customer entrance to any existing adult-oriented establishment.

<u>Section 3</u>: Conflicting Ordinances

All ordinances or parts of ordinances in conflict with the above Ordinance are hereby repealed.

<u>Section 4</u>: If any part of this ordinance is for any reason found to be invalid or unconstitutional by reason of any decision by any court of competent jurisdiction, such decision shall effect the validity of any part of this ordinance

<u>Section 5</u>: This ordinance shall be in full force and effect upon passage and publication.