UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

EDWARD G. KRAIMER, JR.
GERALD J. MORRELL,
GRAND DADDY'S, LLC, and
KRAIMER PROPERTIES, LLC,

        Plaintiffs,

v.     Case No.: 03 C 0473 C

CITY OF SCHOFIELD,

        Defendant.

### DEFENDANTS' SUPPLEMENTAL PROPOSED FINDINGS OF FACT IN RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

The defendant, City of Schofield, submits the following supplemental proposed findings of undisputed fact in response to the plaintiffs' motion for summary judgment:

1-110.   The City of Schofield fully incorporates and adopts the proposed findings of undisputed fact that were set forth in paragraphs 1-110 in the previously filed Defendants' Proposed Findings of Fact in Support of its Motion for Summary Judgment.

**Supplemental Facts.**

111.   Kraimer Properties, LLC, has no ownership interest in Grand Daddys, LLC., its continued involvement in the property is only as landlord.  (Edward Kraimer Deposition, p. 47-48; Gerald Morrell Deposition, p. 10-11).

1

112. The only income Kraimer Properties, LLC, would and does generate from its ownership of the real property at 861 Grand Avenue, is the rental income it receives pursuant to its lease with Grand Daddy's, LLC. (Edward Kraimer Deposition, p. 47-48; Gerald Morrell Deposition, p. 10-11).

113. Although at various times Grand Daddy's has fallen behind on its rent payments, it has always caught up and Kraimer Properties, LLC, has received all of its rent. (Gerald Morrell Deposition, p. 11-12).

114. It was Gerald Morrell's plan to open the non-alcoholic business providing nude or semi-nude dancing and generate income from a $5 cover charge and selling soda and juice to his customers. (Gerald Morrell Deposition, p. 23).

115. Gerald Morrell based his business plan on another non-alcoholic business located in Appleton, Wisconsin called "Bean Snappers." (Gerald Morrell Deposition, p. 23-25).

116. Gerald Morrell was aware of the other businesses in the Marathon County area that provided nude or semi-nude dancing and sold alcohol, including: the New Yorker, in Mosinee; Badger Lounge, in Mosinee; Showtime, in Wausau; Teaser's, in Stratford; the Rear End, in Marshfield; the New Body Shop, in Wisconsin Rapids; the Temptations, in Wisconsin Rapids; the Stardust, in Stetsonville. (Gerald Morrell Deposition, p. 63-64).

117. Despite the fact that these other local businesses served alcohol and provided nude and semi-nude dancing, it was Gerald Morrell's business plan and opinion that his non-alcohol business providing nude dancing could be successful without serving alcohol because of the way he would manage the business. (Gerald Morrell Deposition, p. 62-64).

118. At the time the plaintiffs originally wanted to open their non-alcohol adult business with nude dancing in April 2003, they could have done so in the C-2, I-1, and I-2 districts without obtaining a conditional use permit. (King Deposition, p. 8, 41).

119. In April 2003, the plaintiff, Edward Kraimer, owned a tavern located in an I-1 District, at 320 Ross Avenue in the City of Schofield, where he could have opened the proposed non-alcohol business providing nude dancing without obtaining a conditional use permit. (King Deposition, p.8, 41; Kraimer Deposition, p. 40-11).

120. Wisconsin Statute Section 62.23(7)(a) grants zoning power to the City Council of Schofield, and provides:

> For the purpose of promoting health, safety, morals or the general welfare of the community, the council may regulate and restrict by ordinance, subject to par. (hm), the height, number of stories and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts and other open spaces, the density of population, and the location and use of buildings, structures and land for trade, industry, mining, residence or other purposes if there is no discrimination against temporary structures. This subsection and any ordinance, resolution or regulation enacted or adopted under this section, shall be liberally construed in favor of the city and as minimum requirements adopted for the purposes

>stated. This subsection may not be deemed a limitation of any power granted elsewhere.

Wisconsin Statute Section 62.23(7)(a).

121. The City of Schofield's zoning authority is granted and proscribed by the Wisconsin Legislature. Wisconsin Statute Section 62.23(7)(a).

122. The Wisconsin Legislature has established the method and manner in which the City of Schofield can establish zoning districts within the City, by enacting Wisconsin Statute Section 62.23(7)(b), which provides:

>For any and all of said purposes the council may divide the city into districts of such number, shape, and area as may be deemed best suited to carry out the purposes of this section; and within such districts it may regulate and restrict the erection, construction, reconstruction, alteration or use of buildings, structures or land. All such regulations shall be uniform for each class or kind of buildings and for the use of land throughout each district, but the regulations in one district may differ from those in other districts. The council may with the consent of the owners establish special districts, to be called planned development districts, with regulations in each, which in addition to those provided in par. (c), will over a period of time tend to promote the maximum benefit from coordinated area site planning, diversified location of structures and mixed compatible uses. Such regulations shall provide for a safe and efficient system for pedestrian and vehicular traffic, attractive recreation and landscaped open spaces, economic design and location of public and private utilities and community facilities and insure adequate standards of construction and planning. Such regulations may also provide for the development of the land in such districts with one or more principal structures and related accessory uses, and in such districts the regulations need not be uniform.

Wisconsin Statute Section 62.23(7)(b).

123. The Wisconsin Legislature has mandated that the City of Schofield's zoning ordinances must be designed to accomplish the following purposes:

> *Purposes in view.* Such regulations shall be made in accordance with a comprehensive plan and designed to lessen congestion in the streets; to secure safety from fire, panic and other dangers; to promote health and the general welfare; to provide adequate light and air, including access to sunlight for solar collectors and to wind for wind energy systems; to encourage the protection of groundwater resources; to prevent the overcrowding of land; to avoid undue concentration of population; to facilitate the adequate provision of transportation, water, sewerage, schools, parks and other public requirements; and to preserve burial sites, as defined in s. 157.70(1)(b). Such regulations shall be made with reasonable consideration, among other things, of the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such city.

Wisconsin Statute Section 62.23(7)(c).

124. Schofield Ordinance Code Section 10.02(3), which controls the zoning code, provides: "The provisions of this Ordinance shall be interpreted and applied as minimum requirements, shall be construed in favor of the City, and shall not be deemed a limitation or repeal of any other power granted by the Wisconsin Statutes." (Hoff Affidavit p. 4, ¶ 4(e) & Exhibit SJ-12).

125. Schofield Ordinance Code Section 10.02(4), which controls the zoning code, provides: "If a section, clause, provision or portion of this ordinance is adjudged

unconstitutional or invalid by a court of competent jurisdiction, such judgment shall not affect the remainder of this ordinance." (Hoff Affidavit p. 4, ¶ 4(e) & Exhibit SJ-12).

126. Schofield Ordinance Code Section 10.03(2) defines an "accessory use" as, among other things, a "use" which "is subordinate and incidental to, and serves, a principal building or principal use." (Hoff Affidavit p. 4, ¶ 4(e) & Exhibit SJ-12).

127. Schofield Ordinance Code Section 10.03(80) defines a "principal use" as "the main use of land or buildings as distinguished from a subordinate or accessory use." (Hoff Affidavit p. 4, ¶ 4(e) & Exhibit SJ-12).

128. Grand Daddy's constructed a semi-permanent stage in December 2003, and the only use the stage has had is for customers to watch entertainers perform on the stage. (Morrell Deposition, p. 53-54).

129. Grand Daddy's specifically constructed that stage because it was shifting the type of business it was running, from one in which its employees were wearing bikini as an incidental part of the business, to one in which the business was now predominantly and specifically providing dancing entertainment on a stage. (Morrell Deposition, p. 52-53).

Dated at Wausau, Wisconsin this 19th day of August, 2004.

ZALEWSKI, KLINNER & KRAMER, LLP, Attorneys for the Defendant, City of Schofield

_____
Michael J. Roman
Wisconsin State Bar No. 1020648

Address:
1500 Merrill Avenue
P.O. Box 1386
Wausau, WI 54402-1386
(715) 675-1999 phone
(715) 675-7698 fax