Case: 3:03-cv-00473-bbc Document #: 40 Filed: 08/30/04 Page 1 of 5

Document Number 0401
Case Number 03-C-0473-C
United States District Court
Western District of Wisconsin
Theresa M. Owens
Filed/Received
08/30/2004 10:39:42 PM CDT

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WISCONSIN

EDWARD G. KRAIMER, JR.,
GERALD J. MORRELL,
GRAND DADDY'S, LLC, and
KRAIMER PROPERTIES, LLC,

                        Plaintiffs,

v.                                 Case No.: 03 C 0473 C

CITY OF SCHOFIELD,

                        Defendant.

### PLAINTIFFS' OBJECTIONS TO DEFENDANT'S RESPONSE TO PLAINTIFFS' PROPOSED FINDINGS OF FACT

      The plaintiffs, by their attorneys, The Jeff Scott Olson Law Firm, S. C. by Attorney Jeff Scott Olson, respectfully submit the following Objections to the Defendant's Response to Plaintiffs' Proposed Findings of Fact.

**OBJECTION # 1: The "silent partner" theory**

      The defendant has disputed plaintiffs' **Proposed Findings of Fact #'s 13, 14, 15, 16, 18, and 37,** all of which pertain to the issue of whether or not the plaintiffs seek to present nude or semi-nude dance entertainment while selling alcohol by the drink, if such were to be ruled lawful. The defendant has seized upon the testimony of plaintiff Gerald Morrell that at the time he and plaintiff Ed Kraimer planned to apply for

the necessary licenses, back in April, 2003, serving alcohol was not part of the plan. This was Morrell's deposition testimony, and the plaintiffs have no quarrel with it as far as it goes. However, neither Morrell nor Kraimer was asked in deposition how or if that initial business plan changed over time, especially in light of the fact that licenses to present nude dance in a non-alcoholic venue were denied in June, 2003.

Ed Kraimer has supplemented Mr. Morrell's deposition testimony with his own sworn declaration, submitted in support of the plaintiffs' motion for summary judgment, that the initial plan referred to in the deposition, was only a starting point and that, if they could legally do so, the plaintiffs would prefer to do both, present nude dance and serve alcohol. (Kraimer Declaration, ¶¶ 7, 8, 14, 20). The defendant apparently does not like this aspect of the testimony because it has in its several "disputes," noted above, attempted to characterize Ed Kraimer as a "silent partner," by which it apparently intends to imply that he is a partner who does not take part in any of the long range planning and does not even know what the business plans are and cannot be taken seriously when he testifies about such plans. There is no support in the record for this rather incredible leap of assumption.

To the contrary, the undisputed testimony is that Kraimer and Morrell are equal partners. (Morrell Dep at 6). While Jerry Morrell manages the business and handles the day-to-day operations, such as the banking and the scheduling of bartenders (Morrell Dep at 7), there is

nothing to suggest that Ed Kraimer has abdicated his role as a full partner. Morrell testifies only that he (Morrell) is "the one most familiar with the day-to-day operation of Grand Daddy's." (Morrell Dep at 12). Kraimer testified that he (Kraimer) wasn't going to have anything to do with "the day-to-day operations." (Kraimer Dep at 37). That is a long way from saying, as the defendant asserts, that Kraimer is anything other than a full partner.  The defendant has distorted the testimony, trying to bend it to support their theory, which finds no actual support in the record.

There is simply no reason to suggest that Ed Kraimer's testimony, which is undisputed, should be ignored or invalidated.  Therefore, there is no basis for the defendant's "dispute" of these proposed findings of uncontested facts.

**OBJECTION # 2:  The illusory time limits**

In Defendant's Response to **Plaintiffs' Proposed Findings of Fact, #'s 31, 32, and 33,** the defendant tries to refute the very obvious reading of its zoning ordinance, confirmed by the testimony of City Attorney Freeburg, that 1) the City Council cannot act upon a application for a permit for conditional use until the Plan Commission has passed on it, and 2) there are no time limits within which the Plan Commission must act.  (In an odd bit of internal inconsistency, much what the defendant disputes in **PPFOF # 33,** it admits in response to **PPFOF # 83**.)

Although both Zoning Administrator King and City Attorney Freeburg's testified that the only time limit, in regard to deciding on an application for conditional use, in the Schofield zoning code is the 90 days in which the City Council has to act upon receipt of a recommendation from the Plan Commission. (King Dep at 30; Freeburg Dep at 13-14).  Despite this testimony, the defendant argues that portions of §62.23(7), Wis. Stats. both provide time limits and allow the Council to act without awaiting a recommendation from the Plan Commission.  However, the defendant does not point to any specific language that so limits time or so authorizes action, and the plaintiffs have found none.  There are time limits galore contained in §62.23, time limits for amending zoning regulations and time limits as part of the procedure for appealing a zoning decision, but no time limits to ensure that an application for a conditional use permit to operate as an indoor theater will be acted upon in a brief and certain period of time. Therefore these "disputes" are ill-founded and without support.

Dated this 30th day of August, 2004

Respectfully submitted,

EDWARD G. KRAIMER, Jr.,
GERALD J. MORRELL,
GRAND DADDY'S LLC, and
KRAIMER PROPERTIES, LLC,
Plaintiffs

By

THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar No. 1016284
131 W. Wilson St., Suite 1200
Madison, WI 53703
Phone:      (608) 283-6001
Facsimile:  (608) 283-0945
E-mail:     jsolson@scofflaw.com

_____
Jeff Scott Olson

ATTORNEYS FOR PLAINTIFF